## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>131 M Street, NE<br>Washington, DC 20507 | )<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br>__COMPLAINT__ |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | __JURY TRIAL DEMAND__ |
| RENT-A-CENTER, INC. | )<br>) | Case: 1:11-cv-01170<br>Assigned To : Kennedy, Henry H. |
| Defendant. | | Assign. Date : 6/27/2011<br>Description: Employ. Discrim. |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Ferdinand Charles ("Charles"), who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "EEOC or the "Commission") contends that Defendant Rent-A-Center, Inc. ("Defendant") discriminated against Charles when it refused to accommodate Charles' religious beliefs, and discharged him because of his religion, Seventh Day Adventist.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of District of Columbia.

### PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been doing business in Washington, District of Columbia, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Charles filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.    All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     In or around June 2006, Defendant engaged in unlawful employment practices at its facility located at 2857 Alabama Ave., SE, in Washington, DC, ("Alabama Ave. location"), in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by refusing to accommodate Charles' religious belief and practice and by discharging Charles because of his religion, Seventh Day Adventist.

8.     On or about June 18, 2000, Charles was hired by Defendant as an Account Manager at Defendant's Seat Pleasant, MD location.    Charles was later promoted to Assistant

2

Store Manager and ultimately to Store Manager at the Seat Pleasant location around December 4, 2005.

9.      Charles was raised as a Seventh Day Adventist. Seventh Day Adventists observe their Sabbath on Saturday until sundown. Prior to June 2006, Charles did not consistently observe this religious tenet. However, in or prior to June 2006, due to family tragedies that had occurred, Charles reaffirmed his faith and rededicated himself to the observance of his religion, including the tenets of the Seventh Day Adventist faith. Accordingly, Charles holds the sincere religious belief that he cannot work on his Sabbath, Saturday.

10.     Defendant has a scheduling policy which requires that all employees be scheduled to work at a store on Saturday.

11.     In or around June 2006, Charles asked that Defendant allow him to not work on Saturdays before sundown because of his religion. Defendant denied Charles' request. Consequently, Charles submitted his notice of resignation effective in ninety (90) days. Prior to the effective date of his resignation notice, a manager from another district offered to transfer Charles to a store within her district and grant his religious accommodation request not to work on Saturdays.

12.     On or about September 6, 2006, Charles transferred to a store manager position at Defendant's Alabama Ave. location. From September 2006 until December 2006, Charles did not work on Saturdays.

13.     In or around December 2006, Defendant realigned the stores within its districts and the Alabama Ave. location was realigned to a different district. Charles was then told that he could no longer be allowed to be off on Saturdays even though Defendant was aware that Charles needed to be off on Saturdays until sundown because of his religion.

3

14.    On or about December 29, 2006, Charles was informed that he could no longer have Saturdays off.  Charles reminded Defendant that he was unable to work on Saturdays because of his religious beliefs.  Charles continued to not work on Saturdays.

15.    On or about February 9, 2009, Charles was discharged for not working on Saturdays.  Defendant thereby refused to accommodate Charles' sincerely held religious belief and discharged him because of his religion, Seventh Day Adventist.

16.    The effect of the practices complained of above has been to deprive Charles of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

17.    The unlawful employment practices complained of above were intentional.

18.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charles.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religion.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make Charles whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement to a Store Manager position or front pay in lieu thereof.

    D.    Order Defendant to make Charles whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

    E.    Order Defendant to make Charles whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

    F.    Order Defendant to pay Charles punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 27th day of June, 2011.

                    Respectfully submitted,

                    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                    P. DAVID LOPEZ
                    General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202


TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E.
Washington, D.C. 20507

ATTORNEYS FOR PLAINTIFF